**COSTELLO & MAINS, LLC**
By:  Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| NICHOLAS DUCOS, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | :      CIVIL ACTION |
| vs. | : |
| | : **Electronically filed** |
| HERITAGE VINEYARDS OF | : |
| RICHWOOD LLC and JOHN DOES 1-5 | : DOCKET NO: |
| AND | : |
| 6-10, | : |
| | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Nicholas Ducos ("Plaintiff"), by way of complaint against the Defendant, says:

### Preliminary Statement

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because Defendant is a resident of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

**Identification of Parties**

1.      Plaintiff Nicholas Ducos resides at 2054 E. Fletcher Street, Philadelphia, PA

19125.  At all pertinent times herein, Plaintiff was employed by Defendant.

2.      Defendant Heritage Vineyards of Richwood, LLC ("Heritage") is a domestic

limited liability company that manufactures wine, maintaining a principal place of business at

480 Mullica Hill Rd, Mullica Hill, New Jersey 08062.

3.      Heritage is an employer within the meaning of 29 USC Sec. 203 and within the

meaning of the NJWHL, having gross income in excess of $500,000 per year.

4.      Plaintiff, in the course of his employment at Heritage, routinely interacted with

interstate commerce.

5.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or

entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are

answerable to the Plaintiff in this matter.

## 1.  General Allegations

6.      Plaintiff has been employed by Defendants since August 9, 2017.

7.      From 2017 until present, Plaintiff has been employed as an Assistant Winemaker.

8.      As an Assistant Winemaker, Plaintiff's job duties and responsibilities include, but

are not limited to:  daily winery operations such as blending, racking, SO2 additions, topping,

etc.; participateing in grading individual wine lots and cooperages for blending and winemaking

decisions; maintaining an accurate, monthly inventory of bulk wine, bottling supplies, and

finished case goods;  restocking tasting room inventory as needed;  performing various types of

lab analysis; keeping detailed records of winemaking activities;  maintaining a working

knowledge of winery equipment and ability to troubleshoot when necessary;  loading and

unloading trucks for shipping and receiving at the winery; helping contribute to the winery safety and training program;  tasking room and event work; and giving tours to guests.

9.    Plaintiff has been compensated on an hourly basis, initially earning $22.00 per hour with an increase to $23.00 per hour in or about August of 2018.

10.    Plaintiff regularly worked in excess of 40 hours per week.

11.    Without records that are in the possession, custody and control of Defendant, Plaintiff cannot plead with specificity the number of hours worked each week during the course of his employment.

12.    Plaintiff's job duties did not fall within any exemption to the overtime requirements of the FLSA or NJWHL.

13.    Defendant failed to pay Plaintiff overtime compensation for any hours worked in excess of 40 hours per week.

14.    Defendant has failed to pay overtime at one and one half times Plaintiff's regular hourly rate for hours worked in excess of 40 per week.

## COUNT I

### FLSA Violation

15.    Plaintiff hereby repeats and realleges paragraphs 1 through 14, as though fully set forth herein.

16.    Plaintiff, during the course of his employment as an Assistant Winemaker, regularly worked more than 40 hours in a work week.

17.    Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of 40 in a work week.

18.    Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

19.     Said violations have been willful within the meaning of 29 U.S.C. Sec. 255(a).

20.     Plaintiff has suffered, is now suffering and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a)     Declaring that the acts and practices complained of herein are in violation of the FLSA;

(b)     Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c)     Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d)     Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e)     Directing Defendant to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f)     Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g)     Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

21.     Plaintiff hereby repeats and realleges paragraphs 1 through 20, as though fully set forth herein.

22.     Plaintiff, during the course of his employment as an Assistant Winemaker, regularly worked more than 40 hours in a work week.

23.     Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of 40 in a work week.

24.     Defendant, by the above acts, has violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

25.     Plaintiff is now suffering and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a)     Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b)     Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c)     Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

(d)      Granting such other and further relief as this Court deems necessary and

proper.

Respectfully submitted,

**COSTELLO & MAINS, LLC**


By:  ___*/s/ Deborah L. Mains*_____
          Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiff

Dated:

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: ____/s/ Kevin M. Costello_____
         Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: ____/s/ Kevin M. Costello_____
         Kevin M. Costello

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


By:   /s/ Kevin M. Costello
        Kevin M. Costello